EDWARD DENNISON *vs.* PARKER H. LEE and WIFE.— *December,* 1833.

Where a money rent is reserved in a lease of land, payable on a certain day, and is not paid, it carries interest as a matter of right.

A distress can only be made for the rent itself—interest on rent in arrear cannot be distrained for—but in an action of debt for the rent, interest is recoverable.

APPEAL from *Baltimore* county court.

This was an action of *Debt,* instituted by the appellees against the appellant, on the 15th of September, 1823, for rent in arrear, reserved on several leases, bearing date May 30th, 1807. The appellant was in possession of the demised premises, as assignee, of one *Joel West,* the lessee, and the suit was brought by the appellees, as guardians, of certain minors, the owners of the fee, in whose behalf the leases were executed, by an order of the *Orphans court* passed in virtue of a special act of *the General Assembly of the State.* The rent was made payable annually, on the 1st day of November, in each and every year, during the continuance of the lease, which contained the following clause of re-entry, &c. &c. "And if it shall happen, that the said yearly rent, or sum of $——, shall be in arrear and unpaid, for the space of sixty days next after the time on which the same is above reserved to be paid, the same being first lawfully demanded, that then it shall be lawful to and for the said, (the lessor, &c.) or any of them, or any of their heirs or assigns, into the said demised premises, or any part thereof, in the name of the whole to re-enter, and the same to have again, repossess, occupy and enjoy, as in her or their former estate, until all such arrearages of rent, with legal interest therefor, and all expenses therein incurred, shall be fully satisfied and paid, or make distress therefor, at her or their option. And further, if it shall happen, that if the said rent shall be in arrear and unpaid, for the space of six months, that then, and in such case, this

indenture, and every clause, matter and thing therein con-tained, shall be null and void, and of no effect."

There was a judgment by consent, for the plaintiffs, to be released on payment of the rent in arrear to be ascertained by the auditor, and interest on the sum so to be ascertained, if under the lease and circumstances of the case the court should be of opinion, that interest ought to be charged.

The auditor reported the amount due, and the county court gave judgment for the same, with interest thereon until the money should be paid.

From this judgment, the defendant prosecuted an appeal to this court.

The cause was argued before BUCHANAN, Ch. J., and MARTIN, STEPHEN, and ARCHER, J's.

*Mayer* and *Johnson*, for the appellant, contended.

1. That the claim *per se*, does not bear interest so as to authorise the court to charge it.  4 *Harr. and McHen.* 463, *Newson vs. Douglass*, 7 *Harr. and Johns.* 417.  Interest is not chargeable upon rent.  1st. Because rent is in the nature of interest.  2nd. Because of the privileges granted to landlords, for the recovery of their rent.  And 3d. Because rent is only payable when demanded.  *Plowden*, 71. Upon a *distress* for rent, interest is not recoverable.  6 *Johns. Rep.* 43.  1 *Saund. Rep.* 241.  2 *Strange*, 900. *Salk.* 596, 597.  2 *Wm. Black. Rep.* 837.  1 *Hen. Black.* 441.  1 *Camp. Rep.* 50.  2 *Ib.* 426.  The whole of the contract is to be taken together, and as the right to re-enter is to be preceded by a demand, so also must there be a demand before a suit can be brought for the rent.  If the principal sum be paid at the time of the demand, the right of re-entry is defeated.  The landlord can only recover in an action, the same sum for which he could have exercised the remedy of re-entering.  If the principal sum had been paid at the time the suit was instituted, the right of re-entry

would have been destroyed. The remedy by re-entry is co-extensive with the remedy by action for the rent. No more can be recovered by the latter proceeding than by the former.

The tenant is obliged to be on the premises with the rent, when it becomes due, as otherwise he might lose his estate by a re-entry, or be exposed to a distress; and it would be hard to compel him to incur these risks, by going in search of his landlord to pay the rent. Suppose there had been a distress, or re-entry, and the tenant had paid the amount due at the time, such assignment could be pleaded in bar to an action on the covenant for the rent.

In the eye of the law the land is the capital, and the rent the interest for its use; and consequently, the allowance of interest on the rent is compounding it.

*Heath* and *Speed*, for the appellees.

The rent, by the terms of the covenant, is payable on a day certain, with a stipulation for the payment of interest, if it shall be in arrear, and there is no necessity for making a demand before levying a distress, or an action on the covenant for the rent; though the landlord is required to do so, before he can re-enter. It is a contract then, for the payment of money on a day certain, and interest is payable as a matter of law. *2 Bos. and Pul.* 3. *2 Brown's Ch. R.* 3. *9 Johns.* 71. *5 Cowen,* 607, 611. *7 Harr. and Johns.* 417.

BUCHANAN, Ch. J., delivered the opinion of the court.

This is an action of *Debt* for rent in arrear reserved on several leases. And the single question presented for the consideration of the court is, whether interest is legally chargeable on the rent in arrear.

Looking to the clause of re-entry in each of the leases, it would seem to contain a virtual stipulatio1 , that the rent reserved should bear interest; not merely from the time at which a re-entry is authorised, as contended for on the part of the appellant, but from the time of its becoming due.

But without stopping to examine very closely what is the proper construction of the clause of re-entry, it is sufficient to· say, that in *Newson's Administrator vs. Douglass, 7 Harr. and Johns.* 417, it has been settled by this court, that interest is recoverable as of right upon contracts in writing to pay money upon a day certain; as upon bonds, bills of exchange, or promissory notes, though there be no express reservation of interest. And applying the decision in that case to this, it is conclusive of the question. It is true that interest on rent in arrear cannot be distrained for, the distress can only be made for the rent itself. But this is an action of debt, for a stipulated sum of money payable at a day certain; and cannot in principle, we think, be distinguished from *Newson's Administrator vs. Douglass.*

JUDGMENT AFFIRMED.